UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DARREN M. HOUSTON**<br>     **LA. DOC #371814**<br>**VS.** | **CIVIL ACTION NO. 5:13-cv-2638**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **COL. BRAD ROGERS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Darren M. Houston, proceeding *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on September 6, 2013.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the David Wade Correctional Center (DWCC) and he complains that the defendants, Col. Brad Rogers and Capt. Dan Rhinehart, violated his Eighth Amendment right to be free from cruel and unusual punishment when they forced him to participate in a work detail in violation of his medical duty status order.

Plaintiff seeks punitive damages and an order prohibiting any harassment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

On some unspecified date, presumably prior to May 3, 2013, surgery for some unspecified reason and condition was performed on plaintiff's left hand; metal pins were inserted and plaintiff's left arm was placed in a cast.  On May 3, 2013, he was given one week of

"Regular Duty Status with Restrictions" namely, "no use of left arm. Allow to wear ace wrap and arm sling." He was forbidden to play sports. [Doc. 6-1, p. 2] Prior to that, on December 6, 2012, presumably for some other condition unrelated to his hand and arm, he was given one year of "Regular Duty Status with Restrictions" namely "[limited] walk 1/4 mile." [Doc. 6-1, p. 1]

On May 9, 2013, plaintiff made roll call for Crew 1 and showed his duty status to Capt. Rhinehart. (As shown below, there is some dispute as to whether plaintiff showed both duty status documents to Rhinehart. In any event, it appears that he made available the May 2013 duty status report.) Rhinehart reviewed the duty status but ordered plaintiff to participate in the work detail. Rhinehart directed plaintiff to pick up pieces of wood with his right hand and throw them into a pile. Plaintiff complied with the order to avoid a disciplinary rules violation and placement in administrative segregation. Plaintiff further claimed that he was forced to walk an unspecified distance in excess of 1/4 mile. Upon his return to prison, he began experiencing a "strong pain" in his left arm and swollen knees. Elsewhere he described the condition as "strong pain in my knees and my hand had swelling and pain."

On May 9, 2013, he submitted a grievance to prison authorities and on June 5, 2013, Assistant Warden Huff responded to his grievance. Huff interviewed the Field Officers including Capt. Rhinehart and was advised that in deference to plaintiff's medical duty status he was assigned the task of picking up sticks and removing bark from pine trees using his un-casted right arm. Huff then concluded that plaintiff's medical duty status was not violated.

Huff further determined from her interviews that plaintiff had failed to alert Rhinehart or others of the medical duty status limiting him to walking no more than 1/4 mile. Nevertheless, Huff concluded, given the fact that the location of the work site was no more than 1005 feet

from the prison camp, the December 2012 medical duty status was not violated. Further, Huff noted that plaintiff could have claimed a medical emergency at any time, but failed to do so. Huff then denied relief. His appeal to DOC Headquarters was likewise denied for the same reasons on July 15, 2013.

Plaintiff filed his complaint on September 6, 2013. Upon completion of initial review, the undersigned directed plaintiff to amend his complaint to provide, among other things, "... a detailed description of the work he was assigned to do on the day in question. Further, he should state whether or not he complained of pain to any Corrections Officers while in the field or upon his return to camp. Finally, he should provide a detailed description of the injury sustained as a result of having to participate in the work detail on the day in question." [Doc. 5] On December 12, 2013, he submitted his response to the amend order. He described his work assignment as follows, "Capt. Dan Rhinehart forced me to work on Crew 1; picking pieces of wood with my right hand and throwing into a pile. Some of these pieces had some weight, which at times forced me to a partial use of my left hand in order to comply with Capt. Rhinehart's orders... [a]lso Capt. Rhinehart forced me to walk more than a 1/4 of a mile..." [Doc. 6, p. 2] He did not state whether or not he complained of pain to any Corrections Officers, although he claimed that "other offenders mentioned my situation to Assistant Warden James Arnold..." and that then "Arnold ordered the Crew 1 Supervisor to bring me back to the compound..."

### *Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

District courts may dismiss an *in forma pauperis* complaint as frivolous under §1915(d) if it lacks an arguable basis in law or fact. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994). "Section 1915(d) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id* . (internal quotation and citation omitted).

## *2. Cruel and Unusual Punishment*

Plaintiff's complaint implicates the Eighth Amendment's prohibition against cruel and unusual punishment. Prison work assignments that knowingly compel inmates to perform physical labor that is beyond their strength, or which endanger their lives, or which cause undue pain constitute cruel and unusual punishment and thus violate the Eighth Amendment. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983)(citing *Ray v. Mabry*, 556 F.2d 881 (8th Cir.1977); *Woolsey v. Beto*, 450 F.2d 321 (5th Cir.1971). On the other hand, a negligent assignment to work that is beyond the prisoner's physical abilities is not unconstitutional. *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir.1989).

Plaintiff faults the defendants for compelling him to perform a task in violation of his

Duty Status. However, the pleadings and exhibits he submitted simply do not support that claim. As noted previously, on May 3, 2013 he was given one week of "Regular Duty Status with Restrictions" namely, "no use of left arm. Allow to wear ace warp and arm sling." He was forbidden to play sports. [Doc. 6-1, p. 2] Prior to that, presumably for some other condition unrelated to his arm, on December 6, 2012, he was given one year of "Regular Duty Status with Restrictions" namely "[limited] walk 1/4 mile."[Doc. 6-1, p. 1]

According to plaintiff, his assignment on May 9, 2013 – the day before his 1week work restriction expired – was to pick up pieces of wood with his right hand and throw them into a pile. Those instructions in no way contravene the duty status. While plaintiff claims that some of the pieces of wood he encountered required the use of both hands to lift, nothing in the record suggests that he was forced or coerced into using the injured hand to lift items that he could not lift with only his right arm.

Plaintiff also complains that the work detail of May 9, 2013, violated the restriction that he limit himself to walking only 1/4 of a mile. However, plaintiff was unable to state how far he actually walked on the day in question. As such plaintiff is unable to carry the burden of persuasion.

Clearly, plaintiff has not demonstrated that he was forced to perform physical labor in contravention of his duty status; he has not demonstrated that he was forced to perform labor beyond his strength; he certainly has not demonstrated that his life was endangered by virtue of the May 9, 2013, job assignment. Finally, he has not demonstrated that he suffered undue pain as a result of the job assignment; indeed, he alleged only "strong pain" in his left arm and swollen knees and "strong pain in my knees and my hand had swelling and pain" and did not allege how

long this pain endured.

Finally, a prisoner can establish an Eighth Amendment violation only if he shows that the defendant prison official acted with deliberate indifference. Thus, even assuming that plaintiff suffered undue pain or injury, he has not established deliberate indifference on the part of the defendants. A corrections officer acts with deliberate indifference only if he knows that the inmate faces a substantial risk of serious bodily harm and disregards that risk by failing to take reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006). Deliberate indifference may be shown by an assignment to a work detail which the prison officials know will exacerbate a serious physical ailment. *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir.1993), citing *Jackson*, 864 F.2d at 1246. In order to maintain an Eighth Amendment deliberate indifference claim, the plaintiff must show that the defendant prison official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference; an official's failure to alleviate a significant risk which he should have perceived, but did not, while "no cause for commendation," cannot be condemned as the infliction of punishment. *Farmer v. Brennan*, 511 U.S. 825, 837–38, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Here, plaintiff was given "Regular Duty Status" in the May 2013 and December 2012 Status Reports. He was given restrictions; however, nothing of record indicates that those restrictions were violated. In other words, plaintiff has not demonstrated facts sufficient to establish deliberate indifference on the part of the defendants and therefore his complaint should be dismissed.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

In Chambers, Monroe, Louisiana, December 19, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

7